**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

STATE OF DELAWARE )
)
v. )
)
OTIS PHILLIPS, )
) I.D. No. 1210013321
Defendant. )
)
)

Date Submitted: April 22, 2026
Date Decided: June 23, 2026

## <u>ORDER</u>

This 23rd day of June 2026, upon consideration of Otis Phillips' ("Mr. Phillips") Motion for Correction of an Illegal Sentence, Motion for Postconviction Relief, Motions for Appointment of Counsel, Motion to Strike the State's Response and Quash the Briefing Schedule, and the State's Response in Opposition, it appears to the Court that:

1. On November 21, 2014, a jury found Mr. Phillips guilty of first-degree murder, second-degree murder, manslaughter, gang participation, first-degree conspiracy, five counts of possession of a firearm during the commission of a felony, third-degree assault, second-degree assault, and reckless endangering. Mr. Phillips was sentenced to death, life imprisonment, and an additional 130 years in prison.

2. Mr. Phillips filed a direct appeal to the Delaware Supreme Court, which affirmed the judgment but vacated his death sentence.[1]

3. Mr. Phillips filed a pro se Motion for Postconviction Relief and Motion for Appointment of Counsel in March 2017. Mr. Phillips was appointed counsel in December 2017 and filed an Amended Motion for Postconviction Relief in April 2019. The Commissioner filed a Report and Recommendation to deny Mr. Phillips' Motion for Postconviction Relief in October 2019. This Court and the Delaware Supreme Court affirmed the denial.[2]

4. On November 15, 2024, this Court denied Mr. Phillips' second Motion for Postconviction Relief.[3]

5. On June 4, 2025, Mr. Phillips filed a Motion for Correction of an Illegal Sentence under Superior Court Criminal Rule 35(a), arguing that his sentence is impermissibly enhanced under *Erlinger v. United States*.[4] On June 18, 2025, the State asked for a temporary stay to respond to Mr. Phillips' Motion based on the bellwether cases raising *Erlinger* arguments pending before this Court.

---

[1] *Phillips v. State*, 154 A.3d 1130 (Del. 2017).
[2] *State v. Phillips*, 2019 WL 6174440, at *1 (Del. Super. Nov. 20, 2019), *aff'd*, *Phillips v. State*, 237 A.3d 67, 2020 WL 4196649, at *1 (Del. July 21, 2020) (TABLE).
[3] *State v. Phillips*, 2024 WL 4800267, at *1 (Del. Super. Nov. 15, 2024).
[4] 602 U.S. 821 (2024).

6.  On July 3, 2025, Mr. Phillips filed a Motion for Appointment of Counsel under Superior Court Criminal Rule 61(e).  On August 4, 2025, Mr. Phillips filed a pro se Motion for Postconviction Relief under Rule 61.

7.  On February 9, 2026, the Court received a letter from Mr. Phillips stating that he did not file the August 4, 2026 Motion for Postconviction Relief and that he only filed the Motion for Correction of an Illegal Sentence.  Mr. Phillips also filed another Motion for Appointment of Counsel on February 5, 2026, presumably for the Motion for Correction of an Illegal Sentence.

8.  On March 4, 2026, and March 18, 2026, the Court received two additional letters from Mr. Phillips requesting a stay of the proceedings given the bellwether cases raising *Erlinger* arguments pending before this Court.

9.  On April 1, 2026, the State filed its Response in Opposition, proffering that Mr. Phillips is not entitled to relief under either Rule 35(a) or Rule 61.

10.  On April 28, 2026, Mr. Phillips filed a Motion to Strike the State's Response and Quash the Briefing Schedule because he never filed a third motion for postconviction relief, and is only seeking the correction of an illegal sentence. Because the record reflects that Mr. Phillips filed a third Motion for Postconviction Relief in August 2025, the Court will resolve that Motion along with the others before the Court.

11. As an initial matter, the Court rejects Mr. Phillips' argument that it should strike the State's April 1, 2026 Response and quash the briefing scheduling on the grounds that it addresses a Rule 61 motion that Mr. Phillips never filed. Despite Mr. Phillips' contentions otherwise, Rules 12(f) and 57(b) are not procedurally appropriate for Mr. Phillips' requests. In addition, there is no reason to strike the State's Response as it addresses both the Motion for Postconviction Relief and Motion for Correction of an Illegal Sentence.

12. The Court "may correct an illegal sentence at any time"[5] when the sentence:

> exceeds statutory limits, violates double jeopardy, is ambiguous with respect to the time and manner in which it is to be served, is internally contradictory, omits a term required to be imposed by statute, uncertain as to its substance, or is a sentence that the judgment of conviction did not authorize.[6]

13. In *Erlinger*, the United States Supreme Court recognized that when "any fact . . . increase[s] the prescribed range of penalties to which a criminal defendant is exposed[,]" the Constitution mandates resolution "by a unanimous jury beyond a reasonable doubt (or freely admitted in a guilty plea)."[7]

14. First, Mr. Phillips has no entitlement to appointed counsel under Rule 35(a). That said, Mr. Phillips' sentence does not fall under the purview of *Erlinger* because it was not enhanced. As such, it is not necessary to stay the proceedings. The

---

[5] Super. Ct. Crim. R. 35(a).
[6] *Morris v. State*, 346 A.3d 607, 2025 WL 2541982, at *1 (Del. Sept. 3, 2025) (TABLE).
[7] 602 U.S. at 834 (quoting *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000)) (internal quotations marks and alterations omitted); *see also Morris*, 2025 WL 2541982, at *2.

sentence was otherwise not illegal as none of the sentences exceed the statutory maximum. Accordingly, Mr. Phillips is not entitled to relief under Rule 35(a).

15. Finally, Mr. Phillips' Motion for Postconviction Relief is summarily dismissed because it is untimely and is his third postconviction motion.[8] Moreover, because *Erlinger* does not apply to Mr. Phillips' case, he is unable to assert a newly recognized retroactive right or new constitutional rule from the Delaware Supreme Court or the United States Supreme Court.[9] Consequently, because this is Defendant's third motion for postconviction relief, he is not entitled to counsel under Rule 61(e)(5).

16. In conclusion, for the foregoing reasons, Defendant's Motion for Correction of an Illegal Sentence is **DENIED**, Motion for Postconviction Relief is **SUMMARILY DISMISSED**, Motions for Appointment of Counsel are **DENIED as Moot**, and Motion to Strike the State's Response and Quash the Briefing Schedule is **DENIED**.

      **IT IS SO ORDERED**.

*/s/ Calvin Scott*

Judge Calvin L. Scott, Jr.

---

[8] Super. Ct. Crim. R. 61(i)(1), (2).
[9] *Id.* §§ (d)(2)(ii), (i)(1).